Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Letitia A. Sikes
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 1 3 2024

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

  Plaintiff,

  v.

ORLANDO MENDEZ,

  Defendant.

Case No. 1:24-CR-2058-SAB

INDICTMENT

18 U.S.C. § 2251(a), (e)
Production and Attempted Production of Child Pornography
(Counts 1 and 2)

18 U.S.C. § 2252A(a)(2)(A), (b)(1)
Receipt of Child Pornography
(Counts 3, 4, 5)

18 U.S.C. § 2252A(a)(1), (b)(1)
Transportation of Child Pornography
(Count 6)

18 U.S.C. § 2252A(a)(5)(B), (b)(2)
Possession of Child Pornography
(Count 7)

18 U.S.C. § 2253
Forfeiture Allegations

The Grand Jury charges:

INDICTMENT – 1

COUNT 1

Or on or about May 13, 2018, within the Eastern District of Washington, the Defendant, ORLANDO MENDEZ, did knowingly employ, use, persuade, induce, entice and coerce Minor 1, a child born in 2009, to engage in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted, using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce; such visual depiction was produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction was actually transported and transmitted, using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and did attempt to do the same, in violation of 18 U.S.C. § 2251(a), (e).

COUNT 2

Between or on or about June 29, 2020 and August 10, 2020, within the Eastern District of Washington, the Defendant, ORLANDO MENDEZ, did knowingly employ, use, persuade, induce, entice and coerce Minor 2, a child born in 2008, to engage in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted, using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce; such visual depiction was produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction was actually transported and transmitted, using any means and facility of interstate and foreign commerce,

INDICTMENT – 2

and in and affecting interstate and foreign commerce, and did attempt to do the same, in violation of 18 U.S.C. § 2251(a), (e).

COUNT 3

On or about June 2, 2023 in the Eastern District of Washington, the Defendant, ORLANDO MENDEZ, did knowingly receive child pornography, as defined in 18 U.S.C. § 2256(8)(A), the production of which involved the use of minors engaging in sexually explicit conduct, and which visual depictions were of such conduct, that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit: visual depictions of minors engaging in sexually explicit conduct, including, but not limited to, the lascivious exhibition of their genitals and pubic areas, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1).

COUNT 4

On or about October 8, 2018, in the Eastern District of Washington, the Defendant, ORLANDO MENDEZ, did knowingly receive child pornography, as defined in 18 U.S.C. § 2256(8)(A), the production of which involved the use of minors engaging in sexually explicit conduct, and which visual depictions were of such conduct, that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit: visual depictions of minors engaging in sexually explicit conduct, including, but

INDICTMENT – 3

not limited to, the lascivious exhibition of their genitals and pubic areas, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1).

## COUNT 5

On or about November 3, 2022 in the Eastern District of Washington, the Defendant, ORLANDO MENDEZ, did knowingly receive child pornography, as defined in 18 U.S.C. § 2256(8)(A), the production of which involved the use of minors engaging in sexually explicit conduct, and which visual depictions were of such conduct, that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit: visual depictions of minors engaging in sexually explicit conduct, including, but not limited to, the lascivious exhibition of their genitals and pubic areas, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1).

## COUNT 6

On or about May 13, 2018 and continuing through on or about August 22, 2022, in the Eastern District of Washington, the Defendant, ORLANDO MENDEZ, did knowingly transport and ship, using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, any child pornography, as defined in 18 U.S.C. § 2256(8)(A), all in violation of 18 U.S.C. § 2252A(a)(1), (b)(1).

## COUNT 7

On or about June 8, 2023, within the Eastern District of Washington, the Defendant, ORLANDO MENDEZ, did knowingly possess material that contained one or more images of child pornography, as defined in 18 U.S.C. § 2256(8)(A),

INDICTMENT – 4

including images of prepubescent minors and minors who had not attained twelve years of age, the production of which involved the use of a minor engaging in sexually explicit conduct, and which visual depictions were of such conduct, that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

## NOTICE OF FORFEITURE ALLEGATIONS

The allegations set forth in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures.

Pursuant to 18 U.S.C. § 2253, upon conviction of an offense(s) in violation of 18 U.S.C. § 2251; and/or 18 U.S.C. § 2252A, as set forth in this Indictment, the Defendant, ORLANDO MENDEZ, shall forfeit to the United States any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and, any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property, including, but not limited to, the following:

- MOTOROLA cellular phone
- SAMSUNG cellular phone

If any of the property described above, as a result of any act or omission of the Defendant:

INDICTMENT – 5

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

DATED this 13 day of August, 2024.

A TRUE BILL



Foreperson

Vanessa Waldref
Vanessa R. Waldref
United States Attorney

Letitia Sikes
Letitia A. Sikes
Assistant United States Attorney

INDICTMENT – 6